1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7   MARCOS A. MANUEL,

8                          Plaintiff,              NO:  12-CV-5108-TOR

9          v.                                      ORDER GRANTING DEFENDANTS'
                                                   MOTION TO DISMISS
10  KRISTI McGOWAN, et al.,

11                         Defendants.

12

13        BEFORE THE COURT is Defendants' Motion to Dismiss for Failure to

14  State a Claim (ECF No. 21).  This matter was submitted for consideration without

15  oral argument.  The Court has reviewed the briefing and the record and files

16  herein, and is fully informed.

17                              BACKGROUND

18        Plaintiff Marcos A. Manuel ("Plaintiff"), proceeding *pro se* and *in forma*

19  *pauperis*, alleges that Defendants violated his Fourteenth Amendment right to

20  equal protection by removing him from a prison work camp and by denying him

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

access to prison educational and vocational programs based upon the fact that he is subject to an Immigration and Customs Enforcement ("ICE") detainer.

## FACTS

In January 2012, Plaintiff was removed from a prison work camp at the Coyote Ridge Correctional Center and placed in a higher custody facility due to the fact that he had been placed on an ICE detainer. ECF No. 8-1.  In August 2012, Plaintiff filed a Complaint alleging violations of his civil rights under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff subsequently amended his Complaint on November 14, 2012, in response to the Court's order to amend or voluntarily dismiss.  ECF No. 8-1.  In his Amended Complaint, Plaintiff alleges that his removal from the work camp, as well as his ineligibility to participate in educational and vocational programs, violates his right to equal protection under the Fourteenth Amendment.

## DISCUSSION

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do."  *Id.* at 555, 557.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled.  The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit.  *Id.*  The court may also

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

The Ninth Circuit has repeatedly instructed district courts to "grant leave to amend even if no request to amend the pleading was made, unless ... the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is generous—the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

## A. Alleged Equal Protection Violations

The Equal Protection Clause of the Fourteenth Amendment requires state actors to treat all similarly situated people equally. *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To prevail on an equal protection claim under 42 U.S.C. § 1983, a plaintiff must prove that the defendant acted with an intent or purpose to discriminate based upon the plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The first steps in analyzing such

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

1  a claim are to identify the basis of the classification and to determine what level of

2  scrutiny applies.  *Id.*

3          Plaintiff alleges that Defendants discriminated against him on the basis of

4  his ICE detainer status.  ECF No. 8-1.  Prisoners subject to immigration detainers

5  are not a protected class.  *McLean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir.

6  1999) (en banc), *cert. denied* 528 U.S. 1086; s*ee also Gallegos-Hernandez v.*

7  *United States*, 688 F.3d 190, 196 (5th Cir. 2012).  As a result, the DOC's

8  classification scheme is subject to rational basis review.  *McLean*, 173 F.3d at

9  1186.  "A government policy is valid under the rational basis test so long as it is

10 rationally related to a legitimate government interest."  *Id.*

11         Defendants assert that the DOC's policy of restricting offenders with ICE

12 detainers from work camp placements and various vocational and educational

13 programs is rationally related to its legitimate interest in preventing offenders from

14 escaping.  ECF No. 21 at 6.  The Court agrees.  The Ninth Circuit has recognized

15 that preventing offenders with immigration detainers from escaping custody is a

16 legitimate penological interest.  *McLean*, 173 F.3d at 1186.  That interest is

17 rationally served by precluding such offenders from being held at less secure work

18 camp facilities and from participating in vocational and educational programs.  *See*

19 *id.*; *Saldivar v. United States*, 2013 WL 5275620 at *2 (S.D. Cal. 2013)

20 (unpublished) (noting that "a number of district courts have . . . found that policies

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

preventing alien prisoners from participating in certain pre-release programs are also justified because the purpose of the program—helping prisoners reenter the community after serving their sentence—is not advanced in the case of prisoners who will be deported upon release"); *Rendon-Inzunza v. United States*, 2010 WL 3076271 at *1 (S.D. Cal. 2010) (unpublished) ("It is not an equal protection violation to allow United States citizen-inmates, who must re-enter domestic society, to participate in rehabilitative or other programs while denying that privilege to deportable aliens."); *Zepeda Duarte v. Washington*, 2010 WL 3522514 at *5 (E.D. Wash. 2010) (unpublished) ("An outstanding detainer creates an uncertainty that obstructs [the] purpose of programs of prisoner education and rehabilitation . . . [thus,] there is a rational[] basis for excluding those who will be sent out of the country after the term of their sentence from reformative programs."). Thus, the Court finds that Plaintiff has failed to state a cognizable equal protection claim.

**B. Qualified Immunity**

Defendants have also moved for dismissal on qualified immunity grounds. Qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In evaluating a state actor's assertion of qualified immunity, a court must

1    determine (1) whether the facts, viewed in the light most favorable to the plaintiff,

2    show that the defendant's conduct violated a constitutional right; and (2) whether

3    the right was clearly established at the time of the alleged violation such that a

4    reasonable person in the defendant's position would have understood that his

5    actions violated that right.  *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).  If the

6    answer to either inquiry is "no," then the defendant is entitled to qualified

7    immunity and may not be held personally liable for his or her conduct.  *Glenn v.*

8    *Washington Cnty.*, 673 F.3d 864, 870 (9th Cir. 2011).

9         As discussed above, Plaintiff has failed to sufficiently allege a violation of

10   his Fourteenth Amendment right to equal protection.  Assuming for the sake of

11   argument that Plaintiff could establish such a violation, however, the state of the

12   law was not sufficiently clear to have put Defendants on notice that their actions

13   were unlawful.  Under the Ninth Circuit's decision in *McLean*, a corrections

14   official in any of the Defendants' positions could reasonably have believed that

15   classifying an offender with an ICE detainer as ineligible for work camp and

16   educational and vocational programs was lawful.  Accordingly, Defendants are

17   entitled to qualified immunity.

18   ///

19   ///

20   ///

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

**C. Leave to Amend**

In light of its rulings above, the Court finds that granting Plaintiff leave to amend would be futile.  Thus, Plaintiff's Amended Complaint will be dismissed with prejudice.

**D. Revocation of In Forma Pauperis Status**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous."  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**IT IS HEREBY ORDERED:**

1.  Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 21) is **GRANTED**.  Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED** with prejudice.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

2.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of
this Order would not be taken in good faith and would lack any arguable
basis in law or fact.  Plaintiff's *in forma pauperis* status is hereby
revoked.

The District Court Executive is hereby directed to enter this Order, provide
copies to Plaintiff and counsel, and **CLOSE** the file.

**DATED** October 15, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9